[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE # 110
The plaintiff a teacher at the defendant's high school was terminated from her employment and brought this six count[1]
complaint against her former employer. The plaintiff alleges "Breach of Express Contract", Count One, "Breach of Implied covenant of Good Faith and Fair Dealing", Count Two, "Breach of Implied Contract" Count Three, "Breach of express/Implied Contract/Emotional Distress", Count Four and "Negligent CT Page 14913 Infliction of Emotional Distress" Count Five. The defendant seeks, in this motion, to strike the first, second, fourth and fifth counts of the complaint.
The plaintiff was employed with a written agreement as a teacher at St. Paul Catholic High School (hereinafter St. Paul's) in June of 1997. The contract provided for annual renewal unless notified in writing prior to March 1 for the following school year. The contract also provides that the contract could be terminated by St. Paul's for sufficient reason at any time. No notice of non-renewal was given to the plaintiff before March one of 1997, but on June 20, 1997 the plaintiff was terminated on the grounds that her position was eliminated. Thereafter this suit was instituted.
The function of the Motion to Strike is to test the legal sufficiency of the complaint. Ferryman v. Groton 212 Conn. 138. (1989). In ruling on a Motion to Strike, the court is limited to the facts contained in the complaint and must construe them in a light most favorable to the plaintiff. Novametrix Medical Systems,Inc. v. The BOC Group, Inc. 224 Conn. 210 (1992)
1 Count One "Breach of Express Contract"
The defendant claims that plaintiffs complaint "has pled no facts to establish a cause of action for breach of contract" (Defendant's Memo dated March 22, 1999 pg 6). Paragraph 12 of the first count alleges that she was terminated "without sufficient reason". The court must construe this allegation in a light most favorable to the plaintiff. Novametrix Medical Systems, Inc. v.The BOC Group, Inc supra. In that light then, the court must conclude for the purpose of this motion that the notification that the plaintiffs position was eliminated was either not true or an insufficient reason to terminate her. The allegations of the first count are legally sufficient to sustain a claim for a breach of contract.
2. Count Two "Breach of Implied Covenant of Good Faith"
As to the second count the defendant alleges that the plaintiff has not pled sufficient facts to establish a claim for a "breach of implied covenant of good faith". "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the CT Page 14914 agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose. . . ." (Citations omitted; internal quotation marks omitted.) Gupta v. New Britain General Hospital239 Conn. 574, 598 (1996). "[A] breach of such an implied covenant cannot be predicated simply upon the absence of good cause for a discharge." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 571, 497 A.2d 781 (1984). The plaintiff has failed to make allegations that would constitute a claim or cause of action for breach of implied covenant of good faith and fair dealing. Gardner has only alleged that: (1) her contract was wrongfully terminated in violation of the terms of the contract, (2) she was terminated without sufficient reason, and (3) this conduct breached the implied covenant of good faith and fair dealing. She has made no claim that her termination "served a dishonest purpose." which is an essential element of this claim. Gutpa v.New Britain General Hospital, supra at 598. St. Paul's motion to strike the second count of the complaint is granted.
 3 Counts Four "Breach of Express/Implied Contract/Emotional Distress — Count Five "Negligent Infliction of Emotional Distress"
Although the plaintiff tries to make a distinction between counts four and five, the plaintiff does say in her brief that the test for the claim for emotional injuries due to breach of contract and for the tort of negligent infliction of emotional distress is the same. (Plaintiff's Memorandum of Law dated April 29, 1999 #112). To establish a claim for negligent infliction of emotional distress, a plaintiff must allege that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.). Parsons v. United Technologies Corp.,243 Conn. 66, 88, 700 A.2d 655 (1997); see also 2 Restatement (Second), Torts § 313 (1965). In the employment context, negligent infliction of emotional distress arises "only where it is based upon unreasonable conduct of the defendant in the termination process. . . ." Id., 89-89. "The mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior. . . ." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp., supra,243 Conn. 88-89. "[A] complaint must allege more, for instance, that the CT Page 14915 actual termination was . . . done in an inconsiderate, humiliating, or embarrassing manner." (Internal quotation marks omitted.). Bombard v. Industry Riggers, Inc., supra, Superior Court, Docket No. 140181. There are no claims that the termination process was based on unreasonable conduct. "Negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for the negligent infliction of emotional distrss." (citations omitted, internal quotation marks omitted) Parsons v. United Technologies Corp. Supra pg 88-89:Morris v. Hartford Courant Co., 200 Conn. 676, 681-682,513 A.2d 66 (1986). The plaintiff has not alleged facts establishing that the termination process of St. Paul was unreasonable, but merely alleges that her termination was "negligent and careless". There are insufficient allegations in both counts four and five to sustain a claim for a negligent infliction of emotional distress. The court will therefore strike counts four and five.
The defendants motion to strike Counts 2, 4 and 5 is granted. The motion to strike Count 1 is denied.
PELLEGRINO, J.